**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JOSEPH TYLER JOHNS, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:26-cv-594 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| MRS. KREIS, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, an inmate incarcerated in the Bedford County Justice Complex, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting claims regarding a disciplinary proceeding and the conditions of his confinement [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth more fully below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED**, and he is **ASSESSED** the civil filing fee of $350.00. The custodian of his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall go in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" do not state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff alleges Defendant Kreis violated his constitutional rights "by not allowing [him] to present [his] side of the case and also not allowing [him] to present any evidence or witnesses on [his] behalf." [Doc. 2 at 12]. Defendant Kreis also "issued a guilty verdict" without giving Plaintiff a hearing or "conducting an investigation." [*Id.*]. Witnesses heard this Defendant state that she did not want to hear Plaintiff's side "because she was trying to remain partial" and "she based her verdict on the incident report alone." [*Id.*]. According to Plaintiff, these actions "depriv[ed] [him] of [his] right to due process and [his] right to properly defend [him]self." [*Id.*].

Plaintiff next asserts that the grievance system only allows a certain number of active grievances and/or requests "at any time," that his grievance/request file was full from September 15, 2026, until October 9, 2026, and that unspecified jail personnel did not clear out Plaintiff's grievances/requests during that time despite him asking them to do so. [*Id.*].

Plaintiff also states that on October 20, 2026, he sent a "written grievance/request" to Defendant Lt. Cook "through [Defendant] Dep. McChristian" in which he asked why he had not received his privileges back and was still housed on "23/1 lockdown with loss of privileges (no access to a tablet) after [his] segregation ended on 10/19/2026." [*Id.* at 13]. Plaintiff additionally asserts that he was again unable to file grievances due to officers not responding to previous grievances at this time. [*Id.*].

Plaintiff further claims that at approximately 8:15 p.m. on October 8, 2026, the faucet in his cell broke and sprayed water, causing half of his cell to flood with 1/4 an inch of water. [*Id.*]. Plaintiff notified Defendants Deputy McBride and Deputy Mason of the flooding but did not

receive towels to clean up the water until 10 p.m. [*Id.*]. Plaintiff then remained in the same cell without being able to use the faucet "without fear of flooding" until 2 p.m. on October 10. [*Id.*]. During that time, Plaintiff could not get water out of the faucet in his cell, and he therefore did not have water to drink for approximately ten hours after the faucet broke. [*Id.*]. Plaintiff also states that his inability to use the faucet in his cell for almost two days left him unable to wash his utensils, brush his teeth, and wash his hands after going to the bathroom in a manner that violated his constitutional rights. [*Id.*]. Plaintiff felt like he was forced to stay in the cell without a working faucet for almost 2 days as "retaliation for [his] past actions and that [he was] being targeted due to the nature of [his] charges that [he is] currently serving time for." [*Id.*].

Plaintiff has sued Deputies J. Grant, Coy, McBride, Fouyer, Morris, McChristian, and Crouch, Sergeants Causely and Peoples, Lieutenants Cook and Gentry, "J.A. R. Prince," Mrs. Kreis, Ms. Riddle, and Mrs. Rutledge in their individual and official capacities. [*Id.* at 1, 13]. As relief, Plaintiff seeks monetary damages and "a complete pardon of [his] criminal record." [*Id.* at 5].

**C. Analysis**

**1. Official Capacity Claims**

Plaintiff's claims against Defendants in their official capacities are actually against their employer, namely Bedford County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Bedford County cannot be liable under § 1983 based solely on acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Rather, it can only be liable under § 1983 where its custom or policy caused a violation of Plaintiff's

constitutional rights. *Id.* at 708 (Powell, J., concurring) (explaining a municipality can only be liable under § 1983 where "implementation of [its] official policies or established customs" caused a constitutional violation).

Plaintiff's complaint does not contain facts from which the Court can plausibly infer that any incident set forth therein was due to a custom or policy of Bedford County. While Plaintiff's complaint alleges that he can only have a certain number of grievances pending at one time, it does not appear that he intended to state a claim for relief under § 1983 based on this allegation. But even if he did, this limitation on inmate grievances does not rise to the level of a constitutional violation. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). As such, Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

**2. Individual Capacity Claims**

To state a claim against an individual Defendant in his individual capacity, the complaint must plausibly allege that he or she was personally involved in violating Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Iqbal*, 556 U.S. at 663 (holding that, to state a plausible claim for violation of § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

**a. Grant, Coy, Fouyer, Morris, Crough, Causely, Peoples, Gentry, Prince, Riddle**

Plaintiff's complaint does not allege that Defendants Grant, Coy, Fouyer, Morris, Crough, Causely, Peoples, Gentry, Prince or Riddle were personally involved in any incident in the

complaint. As such, the complaint fails to state a plausible claim for § 1983 relief as to any of these Defendants, and they are **DISMISSED**.

**b. Kreis**

Plaintiff alleges that Defendant Kreis (1) did not allow him to present evidence or witnesses or explain his side of a case against him, presumably due to a disciplinary charge; (2) found him guilty without doing an investigation based on an incident report; and (3) stated that she wanted to remain partial. [Doc. 2 at 12]. Plaintiff asserts that these incidents violated his Sixth and Fourteenth Amendment rights. [*Id.*].

To the extent that Plaintiff claims that these incidents violated his Sixth Amendment rights because he was entitled to counsel for the jail disciplinary proceeding, that is not the case. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (concluding that "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings'") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974))).

As to Plaintiff's assertion that these incidents violated his right to due process, Plaintiff does not set forth any facts from which the Court can plausibly infer that the finding of guilt in this proceeding inevitably affected the duration of his sentence or otherwise caused him hardship that would rise to the level of a liberty interest, as required to state such a claim. *Sandin v. Conner*, 515 U.S. 472, 484, 486–87 (1995) (finding that a prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and that mere placement in segregation did not implicate a liberty interest because it did not impose an atypical and significant hardship); *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998).

Moreover, while Plaintiff also alleges that Defendant Kreis did not conduct an investigation of the disciplinary charge against him, Plaintiff does not have a constitutional right to an investigation. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). Nor does Plaintiff have a constitutional right to be free from false jail disciplinary charges. *Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) (providing that "the filing of false disciplinary charges against an inmate does not constitution a constitutional violation redressable under § 1983").

As such, the complaint does not allow the Court to plausibly infer that Defendant Kreis violated Plaintiff's constitutional rights, and she is **DISMISSED**.

**c. Cook and McChristian**

Plaintiff's only allegations as to Defendants Cook and McChristian are that Plaintiff sent a grievance to Defendant Cook through Defendant McChristian, and that grievance stated that Plaintiff had been held in segregation longer than he should have been [*Id.*]. But while these allegations indicate that these Defendants had knowledge of Plaintiff's allegations that he had been held segregation confinement too long, that is not sufficient grounds for them to be liable for the length of Plaintiff's segregation confinement. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Moreover, even if the Court could plausibly infer from these allegations these Defendants were responsible for Plaintiff being in segregation confinement for longer than he should have been, which it cannot, nothing in the complaint allows the Court to plausibly infer that the conditions of Plaintiff's segregation confinement created an "extreme deprivation[]" that denied

him "'the minimal civilized measure of life's necessities," such that they could rise to the level of constitutional violation. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

Accordingly, Plaintiff does not plausibly allege that Defendants Cook and McChristian violated his constitutional rights, and they are **DISMISSED**.

**d. McBride and Mason**

Plaintiff's only allegations regarding Defendants McBride and Mason are that after Plaintiff alerted them to flooding in a portion of his cell, it took nearly two hours for him to receive towels to address the flooding. [*Id.* at 14]. Again, however, this temporary delay in Plaintiff obtaining towels for a partial cell flooding does not allow the Court to plausibly infer any extreme deprivation that rises to the level of a constitutional violation. *Id.*

Moreover, even if the Court could liberally construe the complaint to seek to hold these two Defendants liable for the fact that Plaintiff was then left in a cell without running water for almost two days, this also does not allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding no constitutional violation where inmate alleged that he was denied "toilet paper, soap, toothpaste, toothbrush, running water, [and] the ability to shower for six days").

And while Plaintiff also states that he felt that he was left in the cell without a working faucet as retaliation for his past acts and/or his charges, he does not set forth any facts to support a plausible claim for retaliation against any Defendant based on these speculative and conclusory statements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (providing that a § 1983 retaliation claim requires Plaintiff to plausibly allege that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from

continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987))).

As such, Plaintiff's claims against these Defendants also fail to state a claim upon which relief may be granted under § 1983, and they are **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in Plaintiff's favor, it fails state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**